IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| TIMMY DAWSON #681033 | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1158 |
| LINDA GORE, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Timmy Dawson, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of the deprivation of certain property interests. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Dawson named Linda Gore, of Dallas, Texas; John Phillips, an attorney from Dallas, Texas, representing the estate of Henry Dawson Jr.; the Dallas law firm of Boone, Boone, and Phillips, in which John Phillips was a partner; Walter Joe Klutts of Okemah, Oklahoma, the caretaker of real property owned by Henry Dawson Jr.; and the Walter Joe Klutts Trust.

Dawson contends that the named Defendants committed the state law tort of tortious interference with inheritance. Although he cited diversity of citizenship as a basis for federal court jurisdiction, his pleadings show that he, Gore, and Phillips are all citizens of the State of Texas, showing that complete diversity between the parties does not exist. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (diversity jurisdiction requires complete diversity, meaning all persons on one side of the controversy must be citizens of different states from all persons on the other side).

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed for want of subject matter jurisdiction. Dawson received a copy of the Report but has filed no objections; instead, he filed objections to the Court's order directing payment of the filing fee in installments through deductions from Dawson's inmate trust account. This order was authorized by 28 U.S.C. §1915(b)(1) and Dawson shows no valid basis for objecting to it.

Because Dawson did not file objections to the Magistrate Judge's Report, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED** for want of jurisdiction. This dismissal is without prejudice to the Plaintiff's right to litigate his claims in a court of proper jurisdiction. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So Ordered and Signed**
Apr 26, 2018

_____
Ron Clark, United States District Judge